UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MACK PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00106-JRS-MJD |
| | ) | |
| DONALDSON Sgt., | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Plaintiff's Motion for Summary Judgment,
Granting Defendant's Motion for Summary Judgment,
and Directing Entry of Final Judgment**

Before the Court are the cross motions for summary judgment of the plaintiff and the defendant. For the reasons explained in this Order, plaintiff Mack Porter's motion, dkt. [30], is **denied**, and defendant Sergeant Steve Donaldson's motion, dkt. [38], is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois*

*Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017). The non-moving party bears the burden of specifically identifying the relevant evidence of record. *D.Z. v. Buell*, 796 F.3d 749, 756 (7th Cir. 2015). This is in part because summary judgment is the "put up or shut up" moment in a lawsuit. *Grant*, 870 F.3d at 568.

Though the parties here have submitted completely separate briefing on their motions, they are essentially cross-motions. When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

## II. Material Facts Not in Dispute

Because of the manner in which this action is disposed, a detailed discussion of undisputed facts is not necessary. The Court will, however, note the core undisputed facts.

Consistent with the legal standards set out above, the following facts are undisputed except where noted. *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 808 (7th Cir. 2014). That is, these statements of fact are not necessarily objectively true, but as the summary judgment standard

requires, the undisputed facts and any disputed evidence are presented in the light most favorable to the non-moving party. *Whitaker v. Wisc. Dep't of Health Serv's,* 849 F.3d 681, 683 (7th Cir. 2017).

At all times material to this action, Mr. Porter was an Indiana Department of Correction inmate held in the Wabash Valley Correctional Facility (WVCF). Dkt. 2. Sgt. Donaldson was an IDOC employee, employed at WVCF as a correctional sergeant. *Id.*

Mr. Porter filed a complaint or grievance on March 4, 2019 that contained allegations against Sgt. Donaldson. *Id.* In this complaint/grievance, Mr. Porter alleged that on October 7, 2018, Sgt. Donaldson and another correctional officer were present in a medical examination room when Mr. Porter was being seen by a nurse. *Id.* Mr. Porter alleged that Sgt. Donaldson laughed at him and made derogatory comments about his sexuality, causing Mr. Porter to become so distressed that he ended the examination and was taken back to his cell. *Id.*

Mr. Porter has further alleged that he wrote to the WVCF Prison Rape Elimination Act (PREA) representative about Sgt. Donaldson's derogatory comments. He also alleges that after he spoke to another WVCF official about the comments, the official said that she would speak with Sgt. Donaldson. Mr. Porter alleges that he expressed concerns about retaliation. *Id.*

Mr. Porter also alleges that on October 18, 2018, a WVCF Lieutenant told him that his grievance was being investigated. He alleges that later that evening, he was informed that Sgt. Donaldson was approaching other offenders to get Mr. Porter to drop his grievance and PREA complaint by any means, or else Defendant would have the whole cell-house shaken down. Dkt. 34-2 at 15-16, 32.

Mr. Porter alleges that during the recreation period the next day, October 19, 2018, other offenders approached him and warned him that Sgt. Donaldson had approached them to do bodily

3

harm to Plaintiff. *Id.* Mr. Porter alleges that he then contacted an official who had him moved to the D-segregation unit for his protection. Dkt. 2.

Mr. Porter's witness list states or indicates that witnesses Leonard McQuaid, Brian Mifflin, and Marcy Anderson do not have personal knowledge of Sgt. Donaldson's alleged threats to other offenders. Dkt. 18; dkt. 38-1.

### III.  Discussion

#### A.    Mr. Porter's Motion for Summary Judgment

Mr. Porter filed his motion for summary judgment on March 6, 2020. Dkt. 30. Sgt. Donaldson did not file a response. Ordinarily a failure to file a response to a summary judgment motion results in a confession of the motion and often the entry of final judgment for the movant. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also*, S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Before entering summary judgment on an unopposed motion, the Court must find that the judgment is warranted by the facts and law. *See Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Fortunately for Sgt. Donaldson, this procedure prevents the entry of summary judgment against him.

Mr. Porter's motion for summary judgment is a four-page narrative of Mr. Porter's version of the events. Dkt. 30. It is not sworn, does not cite to relevant evidence, and is not supported by evidentiary exhibits. *Id.* On summary judgment, a party must show the Court what evidence it has

4

that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). Because there is no evidence to support the motion, it cannot be granted.

Plaintiff Mack Porter's motion for summary judgment, dkt. [30], is **denied**.

### B. Sgt. Donaldson's Motion for Summary Judgment

#### 1. Elements of Retaliation Claim

To prevail on his First Amendment retaliation claim, Mr. Porter must demonstrate three factors. First, Mr. Porter must have been engaged in an activity or speech protected by the First Amendment. Second, Mr. Porter must show that he suffered a deprivation that would likely deter future First Amendment activities. Third, Mr. Porter must show that the First Amendment activity at issue was "'at least a motivating factor' in the defendants'" alleged retaliatory actions. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citing *Bridges v. Gilbers*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

Sgt. Donaldson contends that Mr. Porter has no admissible evidence of at least the second and third elements. Dkt. 39 at 6.

#### 2. Discussion

Sgt. Donaldson argues that Mr. Porter's allegations are based on inadmissible hearsay – that by Mr. Porter's own statements, he learned of Sgt. Donaldson's purported retaliatory conduct from other inmates who told him that they had heard from yet other inmates Sgt. Donaldson had acted in the retaliatory manner.

Sgt. Donaldson cites Mr. Porter's deposition where he first testifies that other inmates gave his cellmate, Leonard McQuaid, letters to then give to him stating that Sgt. Donaldson had asked members of a gang to hurt him unless he dropped his complaint. Dkt. 38-2 at 22. He also testified

5

that another inmate, Roman French, told Counselor Miflin that Sgt. Donaldson was trying to recruit other offenders to hurt Mr. Porter if he did not drop the complaint. *Id.*

   Mr. Porter was asked whether Mr. McQuaid had said that he had personally spoken to Sgt. Donaldson. Mr. Porter answered that Mr. McQuaid had not, but that "[n]umerous inmates" had told this to Mr. McQuaid who then told Mr. Porter. Mr. Porter would not identify the numerous inmates because they did not want their names involved. *Id.* at 23.

   Mr. Porter also testified that the day after he first learned of Sgt. Donaldson's retaliatory actions, another inmate, whom he will not identify, told Mr. Porter that a third inmate told him about Sgt. Donaldson's activity. Mr. Porter will not identify the inmate who told him what that inmate had heard from others and who will not be called as a witness. *Id.* at 24.

   Sgt. Donaldson also points to Mr. Porter's witness list. Dkt. 18. Of the four witnesses other than himself, Mr. Porter describes witness Leonard McQuaid's testimony as being "he was told by numerous other offenders" of Sgt. Donaldson's actions. Witness Counselor Muflin's testimony would be that offender Roman French came into his office and reported that Sgt. Donaldson was recruiting people to hurt Mr. Porter. Witness Nurse Anderson's testimony would be that everything in Mr. Porter's administrative complaint (reporting the medical examination incident) is true. Since Mr. Porter never heard Sgt. Donaldson's purported statements personally, the only evidence Mr. Porter has to say that Sgt. Donaldson did, in fact, try to recruit other inmates to persuade Mr. Porter to drop his complaints or to inflict harm upon him is the expected testimony of Roman French. *Id.* and dkt. 38-2.

   Therefor with the exception of Mr. French, each witness, including Mr. Porter, could testify to no more than what someone else, other than Sgt. Donaldson, told them. The persons who purportedly heard Sgt. Donaldson try to convince other inmates to pressure or harm Mr. Porter are

6

not available for cross-examination. This is hearsay, and it is not admissible to "prove the truth of the matter asserted." Fed. R. Evid. 801(c). Mr. Porter offers it to prove exactly that – that Sgt. Donaldson was engaged in retaliation. This he cannot do.

In response and opposition to Sgt. Donaldson's motion for summary judgment, Mr. Porter submits a statement of undisputed facts. Dkt. 43 at 1-3. The assertions of undisputed facts are generally not supported by evidence or portions of the record, but even if true would not be evidence that Sgt. Donaldson retaliated against him. *Id.* The background information about Mr. Porter's grievance and complaint, while perhaps relevant context, simply does not prove that Sgt. Donaldson did what Mr. Porter suspects he did.

Returning to Mr. French's expected testimony, Mr. Porter has submitted a "Declaration of Roman French" in which Mr. French states that he "was personally approached by the defendant (Sgt. Donaldson) in efforts to recruit me and other offenders to cause [Mr. Porter] bodily harm or . . . to get [Mr. Porter] to drop his grievance or [Prison Rape Elimination Act] report. Dkt. 42 at 4-6; dkt. 42-1 at 1-3. But this submission is not signed. *Id.* Both submitted copies have Mr. French's typed name on the last page, and just above that typed name is a line that has been obscured or crossed out. *Id.* This is not a signature, and it appears that if there was one, it has been obliterated. Without Mr. French's signature either notarized or signed under penalty of perjury, the document is not admissible evidence. At this point it is simply speculation.

"[O]ur favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Estate of Biegert by Biegert v. Molitor*, 968 F.3d 693, 701 (7th Cir. 2020) (internal quotation omitted); *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 573 (7th Cir. 2021) ("[S]peculation is not sufficient to survive summary judgment; there must be evidence.") (internal quotation omitted).

At the start of this Order, it was noted that summary judgment is the "put up or shut up" point in a lawsuit. *See supra* at 2 (quoting *Grant*, 870 F.3d at 568). Mr. Porter has not responded to Sgt. Donaldson's motion with admissible evidence. He has not "put up."

Sgt. Donaldson has shown that Mr. Porter does not have admissible evidence to support his claim, and Mr. Porter has not provided admissible evidence to demonstrate a genuine issue of material fact to preclude summary judgment for Sgt. Donaldson.

### IV.  Conclusion

For the reasons explained above, plaintiff Mack Porter's motion for summary judgment, dkt. [30], is **denied**. Defendant Sgt. Donaldson's motion for summary judgment, dkt. [38], is **granted**. This action is **dismissed** with prejudice. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 3/24/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mack Porter
184041
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Zachary Robert Griffin
Indiana Attorney General
zachary.griffin@atg.in.gov